THOMAS SZOTT
Wyoming Bar No. 7-5139
The Bernhoft Law Firm, S.C.
2122 Warren Avenue, Suite 310
Cheyenne, Wyoming 82001
(307) 275-8038
tszott@bernhoftlaw.com
*Attorney for Defendant Santarelli
and the Norada Defendants*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **KATHLEEN GROSSART TAYLOR,** et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>**NORADA CAPITAL MANAGEMENT LLC,** et al.,<br><br>    Defendants. | **Case No. 25-CV-00062-ABJ** |

**Reply Brief of Defendant Santarelli and the Norada Defendants
in support of Joint Motion to Dismiss**

Under Local Rule 7.1.(b), Defendants Norada Capital Management LLC; Norada Equity Inc.; Norada Real Estate Funding LLC; Norada Theatrical Productions LLC; Norada Fund Management LLC; Norada Capital Crypto Fund I, LLC; Norada Capital Ecommerce Fund I, LLC; and Norada Capital Real Estate Fund I, LLC ("the Norada Defendants"), and Defendant Marco Santarelli, hereby jointly reply to Plaintiffs' *Opposition* filed 28 July 2025, Document 92. As applicable, these Defendants also stand by the arguments and authorities set forth in their *Brief* filed 20 June 2025, Document 73-1.

## I. Plaintiffs do not particularly allege dissemination.

As explained in the Defendants' *Brief*, Plaintiffs' allegations of securities fraud and common-law fraud premised on Norada Capital's promotional documents are deficient, because Plaintiffs do not allege how they received the promotional documents, or from whom. (Doc. 73-1, pp. 4-5, 13, 17-18, 43, 57-58.) In their *Opposition*, Plaintiffs assert, "Defendants here 'clearly have notice of the alleged omissions and/or misrepresentations, when they occurred, and how they were disseminated.' *SEC v. Conrad*, 2017 U.S. Dist. LEXIS 193774, at *19." (Doc. 92, p. 14.) Yet in the footnote accompanying this assertion, Plaintiffs alternatively "seek leave to amend to include exactly from which Norada Defendants Plaintiffs received the investor deck and the exact manner in which they received the investor deck." *Id.*, n.3. Thus, as Plaintiffs tacitly acknowledge, they have not particularly alleged how the promotional documents were disseminated.

## II. Plaintiffs do not adequately allege nondisclosures.

As argued in the Defendants' *Brief*, Plaintiffs do not state viable nondisclosure claims under Rule 10b-5, because Plaintiffs do not associate alleged nondisclosures with any statement by Santarelli or Norada Capital to any Plaintiff. (Doc. 73-1 at 18.) In their *Opposition*, Plaintiffs rely on the principle that "a party [who] chooses to speak . . . has a duty to be both accurate and complete." (Doc. 92, p. 14 (quotation marks omitted)). Plaintiffs then argue the alleged nondisclosures – that Norada Capital was operating as a Ponzi scheme, that co-Defendant Fossum was a "bad actor," and prior bankruptcy and cease-and-desist orders – render Norada Capital's

promotional documents alleged Paragraphs 73 and 74 of the FAC misleading. (Doc. 92, p. 15.)

As the Defendants explained in their *Brief*, however, Plaintiffs do not allege how they received the promotional documents, from whom, or any pertinent context – for instance, whether any additional disclosures or information accompanied the promotional materials. (Doc. 73-1, p. 17.) In other words, Plaintiffs' nondisclosure claims rest on the premise that Norada Capital had a duty to include all material information in its promotional materials. But Plaintiffs' allegations lack the necessary details and context to establish this premise.

### III. Plaintiffs' incorporation of all prior allegations into every count is impermissible shotgun pleading that merits dismissal.

As explained in the Defendants' brief, the FAC is rife with various forms of shotgun pleading. (Doc. 73-1, pp. 5-8.) First and foremost, the FAC begins with a lengthy narrative, then launches each of its twenty-six counts by incorporating or restating every preceding paragraph of the FAC. (Doc. 73-1, p.6.)

In their *Opposition*, Plaintiffs essentially argue the Court should excuse this form of shotgun pleading. (Doc. 92, pp. 7-8.) As authority, Plaintiffs rely on *Southwell v. Allstate Prop. & Cas. Co.*, Civil Action No. 20-cv-01272-PAB-KMT, 2020 U.S. Dist. LEXIS 132318, at *7-8 (D. Colo. July 27, 2020). In *Southwell*, a federal magistrate judge noted "a technical violation does not necessarily warrant the striking of a complaint." 2020 U.S. Dist. LEXIS 132318, at *7 (quotation marks omitted). The *Southwell* court then declined to strike Southwell's complaint, despite its incorporation of all prior allegations in each claim, because the complaint

3

nevertheless provided "fair notice of the factual and legal bases for each claim." 2020 U.S. Dist. LEXIS 132318, at *7-8. Here, Plaintiffs argue the FAC similarly provides fair notice of its claims against the Norada Defendants. (Doc. 92, p. 8.)

But the complaint in *Southwell* was very different from the FAC here. Southwell was injured in a motor vehicle collision and later sued his insurer for allegedly failing to pay underinsured-motorist benefits. *Southwell*, 2020 U.S. Dist. LEXIS 132318, at *1-2. Southwell's complaint was ten pages long, consisting of 114 paragraphs and raising three claims by a single plaintiff (Southwell) against a single defendant (the insurer). *Id.* at *2-3, *6. Here, by contrast, the FAC is more than 85 pages long, consists of 384 numbered paragraphs, includes twenty-seven plaintiffs and sixteen defendants, and alleges some 1474 claims under twenty-six counts.[1] In other words, the FAC's pervasive shotgun pleading is not like the "technical violation" that passed muster in *Southwell*; it is an impermissible burden on the Defendants and the Court that merits dismissal.

## IV.   Plaintiffs' allegations regarding the "investor deck" are obscure.

As explained in the Defendants' *Brief*, Plaintiffs' fraud allegations in the FAC rely heavily on Norada Capital's "investor deck," but Plaintiffs' allegations are inconsistent, contradictory, and obscure. (Doc. 73-1 at 15-18.) In their *Opposition*, Plaintiffs respond by misreading the FAC's allegations.

---

[1] The Defendants' *Brief* incorrectly asserted the FAC includes twenty-six Plaintiffs and some 1423 claims. (Doc. 73-1, pp. 1, 7.) In fact, the FAC names twenty-seven Plaintiffs and asserts some 1474 claims, including some 1210 claims against Santarelli and the Norada Defendants alone.

As explained in the Defendants' *Brief*, Plaintiffs' allegations related to the "investor deck" are obscure, because the "investor deck" attached to the FAC as Exhibit 1 is dated 1 January 2024, but fourteen of sixteen listed Plaintiffs allegedly received the "investor deck" before 1 January 2024. (Doc. 73-1 at 16-17.) Plaintiffs now argue the discrepancy is "immaterial because Plaintiffs allege each investor received a copy of the investor deck containing **all of the same** misrepresentations outlined in paragraphs 73 and 74 of the FAC . . . ." (Doc. 92, p. 12.)

But of the twenty-seven Plaintiffs, Paragraph 74 of the FAC only alleges sixteen received the "investor deck." (Doc. 73-1, pp. 16-17.) The FAC elsewhere alleges "Plaintiffs received [Norada Capital's "investor deck"] from September 2022 to January 2024," (FAC, ¶ 53), but the FAC does not allege the contents of the "investor deck" remained unchanged. On the contrary, in Paragraph 53 of the FAC, Plaintiffs allege the "investor deck" names co-Defendant Fossum as Norada Capital's CFO. Then, in Paragraph 73 of the FAC, Plaintiffs allege "the 'investor deck' omits *any* reference to Defendant Fossum." (Doc. 73-1 at 16.) Thus, contrary to what they claim in their *Opposition*, Plaintiffs do not allege each investor received a copy of the "investor deck" containing identical misrepresentations. Plaintiffs' allegations respecting the "investor deck" remain contradictory and obscure.

## V.   Plaintiffs have not alleged the required territorial nexus for their various claims under state Blue Sky laws.

As explained in the Defendants' *Brief*, a state Blue Sky law may not regulate transactions occurring wholly outside the state's boundaries, and here, the FAC fails to allege the required territorial nexus for various Blue Sky claims. (Doc. 73-1,

5

pp. 40-42.) In their *Opposition*, Plaintiffs proffer an "assumption that the sale was directed to the state where each of the Plaintiffs reside. It is implicit in the allegations that Plaintiffs were located in the states they reside in." (Doc. 92, p. 26.) As argued in the Defendants' *Brief*, however, Plaintiffs solely allege where they <u>currently</u> reside or maintain a business presence, not where they resided or maintained a presence when the alleged offers and sales occurred. (Doc. 73-1, pp. 40, 42.) By failing to allege where they were located or resided at pertinent times, Plaintiffs fail to allege the requisite territorial nexus for their Blue Sky claims.

The California Plaintiffs are differently situated, but their Blue Sky claims are equally deficient. In their *Opposition*, the California Plaintiffs argue, "the offers to sell the security were made from California because Santarelli resides in California and Norada Capital's principal place of business is in California." (Doc. 92, pp. 25-26.) But again, the California Plaintiffs only allege where Santarelli currently resides and where Norada Capital is currently headquartered, not where these Defendants were located when pertinent offers or sales of promissory notes occurred.[2] Moreover, the California Plaintiffs do not supply facts showing any pertinent action occurred in California. (Doc. 73-1, p. 40.)

---

[2] The alleged Norada Capital promotional material included as Exhibit 2 to the FAC contains a sample promissory note dated 2022, which states Norada Capital's principal address is in California. (Doc. 55-2, p. 8.) But even assuming *arguendo* the FAC thereby alleges Norada Capital's principal address was in California at some point in 2022, this would not establish the requisite territorial nexus for the California Plaintiffs. Some of the California Plaintiffs did not allegedly purchase promissory notes until 2023 and 2024, and even for those who allegedly purchased in 2022, they do not allege they received Exhibit 2 or that Norada Capital

6

In their *Opposition*, the California Plaintiffs further contend: "California Plainitffs—Keeton, De, the Wilt Plaintiffs, Coglietti, and Skeen—all alleged that they resided in California. FAC ¶¶ 2-4, 15-16." (Doc. 92, p. 25.) Not so. Each of the first four cited paragraphs alleges the pertinent plaintiff "is an individual residing in [City], California." (FAC, ¶¶ 2-4, 15.) The last cited paragraph alleges the Wilt Plaintiffs "reside in Hermosa Beach, California." *Id.*, ¶ 16. Thus, like the other Plaintiffs, the California Plaintiffs solely allege where they currently reside, not where they resided at pertinent times in the past.

## VI. Plaintiffs have not cited case law authorizing multiple causes of action under a state Blue Sky law in a single count.

As another form of shotgun pleading, the FAC combines multiple causes of action in a single count under various state Blue Sky laws. (Doc. 73-1, p. 7.) For example, in the FAC's sixteenth count, Plaintiffs apparently charge two distinct violations of the Wyoming Uniform Securities Act: (1) offering or selling unregistered securities, in violation of Wyoming Statues § 17-4-301, and (2) "fail[ing] to disclose material facts as to risks and nature of their digital assets to Plaintiffs." (FAC, ¶¶ 287-289, 292.)

In their *Opposition*, Plaintiffs do not deny the FAC sometimes alleges multiple causes of action in a single Blue Sky count. Rather, Plaintiffs cite cases that purportedly authorize this style of pleading in various jurisdictions. (Doc. 92, pp. 27-33.) For example, according to Plaintiffs, "Wyoming courts authorize pleading

---

maintained the same principal address at pertinent times in 2022. (FAC, ¶¶ 74, 76-78, 86, 89-90, 114.)

7

numerous violations of the Wyoming Securities Act within one cause of action." (Doc. 92, p. 33.) As their authority for this contention, Plaintiffs offer the following citation: "*See, e.g.*, *Giostar Therapy, LLC v. Bioscience Americas, LLC*, No. 18-CV-73, 2018 U.S. Dist. LEXIS 230015 (D. Wyo. Aug. 29, 2018) (discussing motion to change venue of a complaint alleging violation of multiple sections of the Wyoming Securities Act within one cause of action)." (Doc. 92, p. 33.)

But *Giostar Therapy* does not support Plaintiffs' contention, for two reasons. First, contrary to Plaintiffs' parenthetical summary, the complaint in *Giostar Therapy* did not charge multiple sections of the Wyoming Securities Act in a single cause of action. Rather, the complaint's ninth count charged all three subsections of Section 17-4-501, entitled "General fraud," which is modeled after Rule 10b-5.[3] Here, by contrast, the FAC's sixteenth count apparently charges separate sections of the Wyoming Uniform Securities Act.

Second, and more importantly: "Questions which merely lurk in the record of earlier cases, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." *Rushton v. ANR Co. (In re C.W. Mining Co.)*, 740 F.3d 548, 556 (10th Cir. 2014) (brackets

---

[3] Without detailing the plaintiff's allegations, the court in *Giostar Therapy* summarized the amended complaint's ninth count as alleging "a violation of the Wyoming Securities Act" and later referred to the plaintiff's "claim under the Wyoming Uniform Securities Act." 2018 U.S. Dist. LEXIS 230015, at *3, *9. To ascertain how the plaintiff in *Giostar Therapy* alleged the amended complaint's ninth count, the undersigned accessed the amended complaint via CM/ECF. In an apparent error, the amended complaint cited Section 17-4-101 rather than Section 17-4-501. (No. 2:18-cv-00073-NDF, Doc. 12, p. 17.)

omitted). At issue in *Giostar Therapy* was a change of venue, not whether the plaintiff properly charged multiple subsections of Section 17-4-501 in the amended complaint's ninth count. Indeed, the court did not even mention that the ninth count included multiple subsections. *Giostar Therapy*, 2018 U.S. Dist. LEXIS 230015, at *3, 8-10. Therefore, Plaintiffs' reliance on *Giostar Therapy* is misplaced.

Plaintiffs' parallel citations to cases from other jurisdictions are equally deficient. Plaintiffs repeatedly make assertions like, "Texas courts permit asserting multiple violations of the Texas Securities Act within one cause of action," or, "Wisconsin Courts allow plaintiffs to allege multiple violations of the Wisconsin Uniform Securities Law within the same cause of action." (Doc. 92, pp. 28, 29-30.) After each assertion, Plaintiffs cite a federal case. (Doc. 92, pp. 27-32.) But none of Plaintiffs' cited cases discusses whether a plaintiff may plead multiple causes of action under the state's Blue Sky law in a single count – the matter was not at issue.[4] Nor is it clear in several cases whether this form of pleading even occurred. Plaintiffs' professed reliance on such cases is inapt.

---

[4] *See Kretsch v. Barton*, No. CV-23-00411-PHX-ROS, 2024 U.S. Dist. LEXIS 233197, *2-3 (D. Ariz. Dec. 27, 2024) ("Because she prevailed on her securities fraud claim, the Court finds Plaintiff is eligible for, and entitled to, attorneys' fees under the Arizona Securities Act."); *Icore Midco Inc. v. Pigi Sols., LLC*, No. 6:25-cv-600-JSS-LHP, 2025 U.S. Dist. LEXIS 77215, at *5-16 (M.D. Fla. Apr. 23, 2025) (holding the plaintiffs did not establish a substantial likelihood of success on various claims, including separate counts under the Florida Securities and Investor Protection Act (FSIPA)); *Zach Porter Invs., Ltd. Liab. Co. v. Reiss Tech. Corp.*, 748 F. Supp. 3d 950, 960, 972-73 (D. Idaho 2024) (variously granting and denying the defendants' motions to dismiss for lack of personal jurisdiction); *Stuckey v. Online Res. Corp.*, 819 F. Supp. 2d 673, 678-79, 689-92 (S.D. Ohio 2011) (holding the plaintiff's claim for rescission under Ohio's Blue Sky law was possible and not time-barred); *Villa RX Consulting, LLC v. Prodigy Health, LLC*, Civil Action No. 4:24-cv-751, 2025 U.S.

9

**VII.   The Court should not yet grant leave to amend the FAC, because Plaintiffs have not satisfied the procedural requirements.**

At various points within their *Opposition*, Plaintiffs seek leave in the alternative to amend various potential deficiencies in the FAC. (Doc. 92, pp. 11 n.2, 14 n.3, 23 n.5, 41, 44.) To be sure, Plaintiffs are entitled to amend the FAC "with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Local Rule 15.1, however, requires a party to confer with opposing counsel, file a motion to amend, and include the proposed amended pleading with a redlined version when seeking leave to amend under Rule 15(a). Here, Plaintiffs have not satisfied these requirements. Therefore, the Court should not grant leave to amend the FAC at this juncture.

DATED this 4th day of August, 2025.

                                                   Respectfully submitted,

                                                   */s/ Thomas Szott*
                                                 THOMAS SZOTT
                                                 Wyoming Bar No. 7-5139

                                                 **THE BERNHOFT LAW FIRM, S.C.**
                                                 2122 Warren Avenue, Suite 310
                                                 Cheyenne, Wyoming 82001
                                                 (307) 275-8038
                                                 tszott@bernhoftlaw.com
                                                 *Attorneys for Defendant Santarelli and the Norada Defendants*

---

Dist. LEXIS 124608 (E.D. Tex. July 1, 2025) (denying a defendant's motion to dismiss for untimely service); *Bourbonnais v. Ameriprise Fin. Servs.*, No. 14-C-966, 2015 U.S. Dist. LEXIS 199204, at *7, *20-22 (E.D. Wis. Aug. 20, 2015) (holding the plaintiff's count under Wisconsin's Blue Sky law complied with Rule 9(b) and was not preempted).

**Certificate of Service**

I hereby certify that, on the 4th day of August, 2025, a copy of the foregoing was or will be served on counsel of record via CM/ECF.

                                                     */s/ Thomas Szott*
                                                     THOMAS SZOTT
                                                     The Bernhoft Law Firm, S.C.