# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| KATHLEEN GROSSART TAYLOR; TIMOTHY F. KEETON; ARIJIT DE; JENNIFER SKEEN; BROOKE ASH INVESTMENTS, LLC; MARK SANDERS; KAREN KRYWY-SANDERS IRA and KAREN KRYWY-SANDERS AS ITS BENEFICIARY; DOUGLAS OMUNDSON; DOUGLAS OMUNDSON IRA AND DOUGLAS OMUNDSON AS ITS BENEFICIARY; STEVEN RUMSTEIN IRA and STEVEN RUMSTEIN AS ITS BENFICIARY; KARI TESKE AS TRUSTEE FOR REIO QRP, LLC; FCOHEN ROTH RD. LLC and FRED COHEN AS ITS BENEFICIARY; FCOHEN RD, LLC and FRED COHEN AS ITS BENEFICIARY; ROCKMILL CAPITAL, LLC; ROCKMILL REALTY, LLC; CHAD BEEBE; MATTHEW JOSEPH WILT & MELANIE ANN WILT, BOTH INDIVIDUALLY AND AS BENEFICIARIES OF THE MATTHEW JOSEPH WILT & MELANIE ANN WILT REVOCABLE LIVING TRUST; CLIFFORD COGLIETTI; BEATA ZIMON SD IRA AND BEATA ZIMON AS ITS BENEFICIARY; OLV, LLC; JEFFREY FUSSELMAN; WILLIAM CUKR TRADITIONAL IRA and WILLIAM CUKR AS ITS BENEFICIARY; SAMMY RIVERA | Case No. 2:25-cv-00062-ABJ |

1

IRA and SAMMY RIVERA AS ITS BENEFICIARY; NATHAN J. DEUTSCHER BOTH INDIVIDUALLY AND AS A BENEFICIARY OF THE NATHAN J. DEUTSCHER AND KAYLA S. DEUTSCHER REVOCABLE TRUST; CASITAS HOLDINGS, LLC; ZINFINITY CAPITAL GROUP LLC; and HAROLD MAYFIELD AND ANN MAYFIELD, BOTH INDIVIUALLY AND AS BENEFICIARIES OF THE MAYFIELD REVOCABLE TRUST,

                Plaintiffs

v.

NORADA CAPITAL MANAGEMENT LLC; NORADA FUND MANAGEMENT, LLC; MARCO SANTARELLI; NORADA EQUITY INC.; NORADA CAPITAL ECOMMERCE FUND I LLC; NORADA CAPITAL CRYPTO FUND I LLC; NORADA THEATRICAL PRODUCTIONS LLC; NORADA REAL ESTATE FUNDING LLC; NORADA CAPITAL REAL ESTATE FUND I, LLC; ASPIRE EVENTS LLC; COLLECTIVE EQUITY INC.; THEMED STR CAPITAL FUND LLC; RONALD FOSSUM, JR; MICHAEL JOHNSON; ANDREW CORDLE; and EDDIE WILSON;

        Defendants.

2

## THE ASPIRE DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendants Aspire Events LLC ("Aspire Events"), Collective Equity Inc., Andrew Cordle, and Eddie Wilson (collectively, the "Aspire Defendants") reply to Plaintiffs' opposition to the Aspire Defendants' Motion to Dismiss for Lack of Personal Jurisdiction.

Plaintiffs fail to address that none of the following events confer upon a court personal jurisdiction of a non-resident: the unilateral acts or the unauthorized representations of a third party, the passive receipt of investment income from a Wyoming entity, or the receipt of funds from a Wyoming investor. Even accepting all of Plaintiffs' facts as true—though Aspire Defendants strongly contest such facts—the Court lacks authority to compel the attendance of the Aspire Defendants in Wyoming courts.

Plaintiffs dubiously rely upon an unreported district court case in Oklahoma, an unreported bankruptcy in New Mexico, an unreported case from the Eastern District of Pennsylvania, and an unreported case from the Fifth Circuit. These cases have significant distinctions from the case before this Court.

*Racher v. Lusk*, the case from Oklahoma involved personal jurisdiction over a defendant nursing home management company and an individual defendant who was the president, director, and 100% owner of the management company.[1] The individual defendant owned 90% of the nursing home company, and the management company owned the remaining 10%. These entities were closely related, unlike the Aspire Defendants' position in the instant case.

---

[1] 2013 U.S. Dist. LEXIS 162193 (Doc. 89-1 at 4-5).

3

In *Montoya v. Akbari-Shahmirzadi*, the court references, but does not explain the "alleged connections between Al Dokhan [General Trading Co.] and Debtor."[2] This was a case involving a foreign transferee, the Al Dokhan General Trading Co., located in Dubai, United Arab Emirates. The trustee's response to Al Dokhan's motion to dismiss alleged that the transfer from the Debtor's Swiss bank account was on the instruction of the Debtor's husband's brother. (Exh. A at 4-5). In this case, a familial relationship was involved.

In *Sugartown Worldwide LLC v. Shanks*, companies with common ownership, a transfer of assets for inadequate or no consideration, *and* documentation facially demonstrating the defendant's involvement in the transactions that were the basis for the fraudulent transfer claims were involved.[3]

In *Dontos v. Vendomation NZ, Ltd.*, the Fifth Circuit cautioned that "a subsequent transferee's liability under TUFTA [Texas Uniform Fraudulent Transfer Act] alone may be insufficient to establish minimum contacts with the creditor's forum state."[4] The *Dontos* Court goes onto quote *Mullins v. TestAmerica*, "For example, an individual or corporation who is a mere 'passive transferee,' is unlikely to be subject to jurisdiction in the creditor's resident state. However, if the transferee 'precipitate[s] and direct[s] an alleged fraudulent transfer at the expense of a known, … creditor in Texas whose right to payment arises out of contracts that share a strong connection with Texas,' then the transferee is subject to suit in Texas court."[5]

Plaintiffs have not fulfilled their burden to show jurisdiction. There are no allegations that amount to Norada Capital having a controlling interest in Aspire Events or Aspire Events

---

[2] 2016 Bankr. LEXIS 3957 (Doc. 89-1 at 15).
[3] 2015 U.S. Dist. LEXIS 36495 (Doc. 89-1 at 18-20).
[4] 582 Fed. Appx. 338, *345 (*see Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 400 (5th Cir. 2009)(citing *Calder v. Jones*, 465 U.S. 783, 789-90 (1984))
[5] *Id*. (Doc. 89-1 at 34).

becoming an entity that was closely related to Norada Capital or Defendant Santarelli. There are no contentions of a family member being involved in the transfer. There are no assertions of a transfer for inadequate consideration or no consideration. There are no documents to support that the Aspire Defendants precipitated and directed a fraudulent transfer. The Plaintiffs have not shown that the Aspire Defendants were anything more than a passive recipient of investment income.

Dated this 4th day of August, 2025

    /s/ Matthew A. Walker     
Matthew A. Walker (7-5737)
W<small>ALKER</small> L<small>AW</small>, LLP
P.O. Box 22409
Cheyenne, WY   82003
(307) 529-2255 telephone

ATTORNEYS FOR DEFENDANTS
ASPIRE EVENTS AND COLLECTIVE EQUITY

### CERTIFICATE OF SERVICE

I hereby certify that this record has been served electronically to all parties of record through the court's electronic court filing service.

    /s/ Matthew A. Walker     
Matthew A. Walker