FILED



9:32 am, 1/8/26

Margaret Botkins
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

---

KATHLEEN GOSSART TAYLOR, et al,

   Plaintiff,

VS.

NORADA CAPITAL MANAGEMENT,
LLC, et al,

   Defendant,

Case No.  25-CV-62-ABJ

---

## ORDER GRANTING MOTION TO DISMISS

This matter is before the Court on Defendants Aspire Events LLC, Collective Equity

Inc., Andrew Cordle, and Eddie Wilson's Motion to Dismiss for Lack of Jurisdiction (ECF

No. 69); Defendants Norada Capital Crypto Fund I LLC, Norada Capital Ecommerce Fund

I LLC, Norada Capital Management LLC, Norada Capital Real Estate Fund I LLC, Norada

Equity Inc, Norada Fund Management LLC, Norada Real Estate Funding LLC, Norada

Theatrical Productions LLC, and Marco Santarelli's (collectively "Norada Defendants")

Motion to Dismiss (ECF No. 73); Defendant Michael Johnson's Motion to Dismiss (ECF

No. 75); and Defendant Ronald Fossum Jr.'s Motion to Dismiss for Lack of Jurisdiction.

(ECF No. 77). The Court has reviewed the motions, Plaintiffs' responses, and Defendants'

replies and is fully informed in the premises.  The Court agrees that Plaintiffs pleading is

an impermissible shotgun pleading. As such, the Norada Defendant's Motion to Dismiss

(ECF No. 73) is GRANTED and the Court will dismiss Plaintiffs' Amended Complaint (EFC No. 55) without prejudice. The remaining motions to dismiss are deemed MOOT.

## BACKGROUND

This case arises from a series of transactions in which the approximately 42 named Plaintiffs alleged they collectively invested over $4.31 million in promissory notes issued by Defendant Norada Capital Management ("Notes"). (ECF No. 55 [Amended Complaint] at 3). The Notes were allegedly based on a diverse pool of profitable companies, with investment returns that outperformed the stock market and beat inflation. (*Id.*). Plaintiffs alleged that Defendant Santarelli, along with Defendant Fossum and the other Norada entities, utilized the Notes to concoct a Ponzi scheme. (*Id.* at ¶ 51).

Plaintiffs allege that the Norada Defendants "utilized numerous marketing materials and channels, including a publicly accessible website, to perpetuate its Ponzi scheme. From at least as early as May 2021 through January 2024, Norada began distributing to Plaintiffs and others marketing materials offering "predictable income with promissory notes" and "monthly passive income with interest of 15% or more" (the 'Notes')." (*Id.* at ¶ 59). Plaintiffs claim that Santarelli, on behalf of Norada Real Estate, promoted the Notes on its YouTube channel. (*Id.* at ¶ 60). Investors were offered Notes ranging from 3-7 years, at 12-16.7% rate of return depending on the amount invested and a possible bonus rate if $200,000 or more was invested. (*Id.* at ¶ 61). Plaintiffs assert that "[o]ne of Norada Capital's flyers" listed various company names as the current holdings underlying the Notes, including E-Commerce Businesses and Real Estate and Other Businesses. (*Id.* at ¶ 63).

Plaintiffs make several omnibus allegations against Norada and Santarelli. Essentially, Plaintiffs allege that Norada claimed to earn profits from investments and loans it originated to businesses and investment opportunities and that Plaintiffs' principal was automatically returned to their accounts on the maturity of the note. (*Id.* at ¶ 70). Plaintiffs alleged that these statements were false because the funds were comingled to conduct Ponzi activities. (*Id.*).

Plaintiffs claim that Santarelli used the funds to support his compulsive spending. (Id. at ¶72). Plaintiffs assert that the "investor deck" utilized by Norada Capital from September 2022 to February 2024 was crucial to the Notes fraud. (*Id.* at 73). While the Plaintiffs asserted that the investor deck named Defendant Fossum as the company's Chief Financial Officer (CFO) (Id. at ¶ 53), later in the Amended Complaint, Plaintiffs state that investor deck "omits any reference" to Fossum, who Plaintiffs allege was a "bad actor" prohibited from the sale of investments and securities. (*Id.* at ¶ 73). Plaintiffs argue the omission of Fossum related to the registration status of the notes. (*Id.*). Plaintiffs assert that this omission induced potential investors to believe that Norada's management had no "bad actors" in making their investments. (*Id.*). Plaintiffs then go through a list of misrepresentations and the investor that relied on the misrepresentation. (*Id.* at ¶ 74).

Plaintiffs then state all the transactions starting on May 1, 2021, through September 1, 2023, that some Plaintiffs made in reliance of these statements. (*Id.* at ¶¶ 75-93). Plaintiffs then assert that starting in August of 2023 through September 28, 2023, Norada Capital failed to disclose that the Notes were components of a Ponzi scheme. (*Id.* at ¶ 94). Plaintiffs then list the Plaintiffs that purchased Notes based on the statements and omissions

during this time. (*Id*. at ¶ 94). Plaintiffs claim that in September 2023, Norada Capital and Santarelli stated that the "Mastermind Businesses", where they claimed a majority of Norada's investments were located, were experiencing 45% profit margins. (*Id*. at ¶ 95). Plaintiffs then list the transactions that were made pursuant to these assertions. (*Id*. at ¶¶ 96-97). Plaintiffs claim that from September 28, 2023 through February 7, 2024, Norada Capital and Santarelli failed to disclose they were operating a Ponzi scheme. (*Id*. at ¶ 98). Plaintiffs then provide all the transactions that were made during that timeframe. (*Id*. at ¶¶ 101-108). Plaintiffs also alleged they relied on several other statements made by Norada Capital and Santarelli in their decision to invest in the Notes. (*Id*. at ¶¶ 109-115).

Plaintiffs assert that the "variations in the actual terms, interest rates, investment amounts, and nomenclature of noteholders among the Notes for Plaintiffs evidenced the complete lack of internal controls at Norada Capital and any rational relationship between the funds invested in Notes and the returns that could be reasonably provided." (*Id*. at ¶ 116). Plaintiffs then go on to assert other differences in the notes between the Plaintiffs. (Id. at ¶ 117). Plaintiff details other differences in the Plaintiffs' notes, such as that some investors received a private placement memo, while other investors did not. (*Id*. at ¶120-121). Despite these differences, Plaintiffs assert common badges of fraud, the fact that Norada and Santarelli failed to disclose that: "(1) Santarelli previously filed for bankruptcy and had his debts discharged in 2008; (2) Santarelli was previously subject to a cease and desist order from the Pennsylvania Securities Commission in June 2011 for violating Pennsylvania state securities laws by offering unregistered securities to a non-accredited investor and failing to disclose his bankruptcy filing and debt discharge; and (3) Santarelli's

previous company 360 Enterprises d/b/a Norada Real Estate also filed for bankruptcy." (*Id.* at 122). Plaintiffs also allege that Norada Capital made payments on some Plaintiffs' Notes through May 2023 and that payments stopped in June 2024. (*Id.* at 124).

In June 2024, Plaintiffs claim Norada Capital and Santerelli continued to make false statements regarding the health of the Mastermind Businesses, however, it is not clear that any Plaintiffs made further investments based on these statements. (*Id.* at ¶¶ 125-128). Plaintiffs assert that in July 2024, Santerelli notified them that Norada Capital would be temporarily suspending distribution payments and that it would be converting Plaintiffs' Notes into equity in Norada. (*Id.* at ¶ 129). Plaintiffs' shares of Norada Capital obtained from the conversion of the notes were not liquid or assignable. (*Id.* at ¶ 136). Plaintiffs allege that by November 2024 all communications regarding the Notes and the equity of Norada Capital had ceased. (*Id.* at ¶ 146).

Based on these allegations, Plaintiffs bring several causes of action against Defendants. Plaintiffs' First Cause of Action is a single cause of action by all Plaintiffs against all Norada Defendants, Santarelli, and Fossum for violations of Section 10(B) of the Exchange Act and Exchange Act Rule 10b-5. (*Id.* at ¶¶ 148-156). The Second Cause of Action is by all Plaintiffs against Defendants Santarelli and Fossum for violations of Section 20(a) of the Exchange Act. (*Id.* at ¶¶ 157-160). The next fifteen causes of action are for violations of various state securities laws brought by different individual Plaintiffs based on their residence. (*Id.* at ¶ 161-303). Plaintiffs' Eighteenth Cause of Action is again by all Plaintiffs for negligent misrepresentation against the Norada Defendants. (*Id.* at ¶304-310). The Nineteenth Cause of Action is by all Plaintiffs against Defendants

5

Santarelli, Fossum, and Norada Capital Management, LLC for Breach of Fiduciary Duties. (Id. at ¶¶ 311-314). The Twentieth Cause of Action is for Fraud by all Plaintiffs against the Norada Defendants for Breach of Fiduciary Duties. (*Id.* at ¶¶ 315-323). The Twenty-First Cause of Action is by all Plaintiffs against Defendants Santarelli, Johnson, all Norada Defendants, Aspire Events, Collective Equity, Themed Str, Cordel, and Wilson. (*Id.* at ¶¶ 324-333). In this Cause of Action, Plaintiffs assert that they have reason to believe that Santarelli transferred large sums of money from Defendant Norada Capital to Norada Equity, Norada Ecommerce, Norada Crypto, Norada Theatrical, Norada Real Estate Funding, and Norada Capital Real Estate, where the funds were then funneled back to Santarelli, where they were "frittered away on excessive personal spending" by Santerelli. (*Id.* at ¶ 325-326). Plaintiffs go on to state that they "are informed and have reason to believe that Johnson, as Senior Investment Counsel for Norada Capital had reason to know that Santarelli was running a Ponzi scheme and received commissions that were derived from those proceeds. (*Id.* at ¶ 329). Plaintiffs further assert that they are "informed and have reason to believe that Johnson, Aspire Events, Collective Equity, Themed Str, Cordle, and Wilson each received assets from investors in the Notes, either directly or indirectly, knowing such funds were procured through fraud by Santarelli and others affiliated with Norada Capital given that Santarelli had previously co-opted Johnson and Wilson as 'senior advisors' with Norada Capital." (*Id.* at ¶ 332).

The Twenty-Second Cause of Action is for breach of contract, by all Plaintiffs against Defendant Norada Capital. (*Id.* at ¶¶ 334-338). The Twenty-Third Cause of Action is breach of the implied covenant of good faith and fair dealing by all Plaintiffs against

6

Norada Capital Management LLC. (*Id*. at ¶¶ 339-343). The Twenty-Fourth Cause of Action is for Declaratory Judgment by Plaintiffs Omundson, Rockmill Realty, Teske, Cukr, Fusselman, Deutscher, Harold and Ann Mayfield, and Keeton against Defendant Norada Capital Management, asserting that the alternative dispute resolution requirements in their Notes are void. (*Id*. at ¶¶ 344-349). The Twenty-Fifth Cause of Action is by all Plaintiffs for accounting against Norada Capital Management LLC. (*Id*. at ¶ 350-357). The Twenty-Sixth Cause of Action is for Unjust Enrichment by all Plaintiffs against Norada Capital Management LLC and Santarelli. (*Id*. at ¶¶ 358-361). Plaintiffs also seek a Preliminary Injunction to stop Defendants from further transferring any of Plaintiffs' funds to third parties. The preliminary injunction also seeks to prevent Defendants from destroying or altering documents related to this case in any manner. Finally, Plaintiffs seek appointment of a receiver for Norada Capital.

## STANDARD OF REVIEW

Defendants bring several motions to dismiss, asserting failure to state a claim, lack of personal jurisdiction, and lack of subject matter jurisdiction.

### 1. Lack of Subject Matter Jurisdiction

Rule 12(b)(1) authorizes a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits, but rather a determination that the court lacks authority to adjudicate the matter. *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir.

1974). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. See *id.* at 909. Mere conclusory allegations of jurisdiction are not enough. *Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999). An assertion of subject matter jurisdiction must be supported by competent proof. *Id.*

### 2. Lack of Personal Jurisdiction

Defendants Aspire Events LLC ("Aspire"), Collective Equity Inc., Andrew Cordle, and Eddie Wilson (collectively, the "Aspire Defendants"), Defendant Fossum, and Defendant Micheal Johnson have all moved to dismiss for lack of personal jurisdiction. In a case such as this, where a defendant moves to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion. *Rambo v. American Southern Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir.1988). "There are three ways in which a court may obtain personal jurisdiction over a defendant; consent by the parties, presence in the forum state, and actions by the defendant which affect people in the forum state." *Qwest Communications Int'l, Inc. v. Thomas*, 52 F.Supp.2d 1200, 1204 (D.Colo.1999). Personal jurisdiction can be waived through consent. *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982). Parties to a contract may agree to waive personal jurisdiction in a forum selection clause. See *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316 (1963). If the defendant has consented to personal jurisdiction in a certain forum, there is no need to analyze the forum state's long arm statute or the party's contacts with the forum state.

8

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction would not offend the due process clause of the Fourteenth Amendment. *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir.1995).

Wyoming's long arm statute authorizes the exercise of jurisdiction on any basis that is not inconsistent with the Wyoming or United States constitutions. *Meyer v. Hatto*, 198 P.3d 552, 555 (Wyo. 2008). Therefore, the inquiry is one of due process. "The general constitutional test for personal jurisdiction is well-established." *Far West Capital, Inc.*, 46 F.3d at 1074.

> A federal court sitting in diversity "may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum State." *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 291, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)); *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1130 (10th Cir. 1987). The defendant's contacts with the forum state must also be such that maintenance of the suit "does not offend traditional notions of fair play and substantial justice." *International Shoe*, 326 U.S. at 316, 66 S.Ct. at 158. A defendant's contacts are sufficient if the defendant "purposefully avails itself of the privilege of conducting activities within the forum State." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958).

*Id.*

### 3. Rule 12(b)(6)

Defendants Marco Santarelli, Norada Capital Management LLC; Norada Equity Inc.; Norada Real Estate Funding LLC; Norada Theatrical Productions LLC; Norada Fund Management LLC; Norada Capital Crypto Fund I, LLC; Norada Capital Ecommerce Fund I, LLC; and Norada Capital Real Estate Fund I, LLC (collectively Norada Defendants) also

seek to dismiss the second amended complaint pursuant to Rule 12(b)(6) for failure to state a claim. In considering a Fed. R. Civ. P. 12(b)(6) motion to dismiss, district courts follow a two-pronged approach. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, a court "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id. Iqbal* clarified that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## ANALYSIS

There are several motions to dismiss asserting various basis for dismissing parties and claims in this matter. Defendants Aspire Events LLC ("Aspire"), Collective Equity Inc., Andrew Cordle, and Eddie Wilson (collectively, the "Aspire Defendants"), Defendant Fossum, and Defendant Micheal Johnson have all moved to dismiss for lack of personal jurisdiction. The Court would normally consider claims of personal jurisdiction before

considering a motion for failure to state a claim under 12(b)(6). However, given the nature of the Plaintiffs amended complaint and the merits of the motion to dismiss, the Court will consider the motion to dismiss first.

### Norada Defendants' Motion to Dismiss

The Norada Defendants assert that this Court should dismiss Plaintiffs' Amended Complaint because of Plaintiffs' use of an impermissible shotgun pleading. (ECF No. 73-1 at 8). The Norada Defendants also assert that Plaintiffs have failed to properly plead their claims.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

But "dismissal is appropriate where 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Al–Owhali v. Holder*, 687 F.3d 1236, 1240 (10th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 679). "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Twombly*, 550 U.S. at 555). "Accordingly, in examining a complaint under Rule 12(b)(6), we will disregard conclusory statements and look only to whether the remaining, factual

11

allegations plausibly suggest the defendant is liable." *Khalik*, 671 F.3d at 671 F.3d at 1191. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"The law recognizes a significant difference between notice pleading and 'shotgun' pleading." *Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989). The Tenth Circuit has recognized that district courts may refuse to "search through the several paragraphs of the plaintiffs' 'Introductory Allegations' and attempt to match the factual assertions with the elements of all subsections of the [claim] to determine if the complaint states a claim for relief." *Hart v. Salois*, 605 F. App'x 694, 701 (10th Cir. 2015) (citing *Glenn*, 868 F.2d at 371).

This case raises additional challenges, because Plaintiffs have not only asserted several claims against several different Defendants and classes of Defendants, but the Plaintiffs' themselves have different factual backgrounds and potential damages. This is demonstrated by the fact that the Notes at issue in this case have different terms, were entered into at different times, may or may not have had the same marking materials, and they may or may not have been provided the same information of vetting. (ECF No. 55, ¶¶ 74-124). However, despite all these differences, Cause of Action One is a single cause of action by all Plaintiffs against the "Norada Defendants, Santarelli, and Fossum." (ECF No. 55 at ¶¶ 149-156). Additionally, Cause of Action Two is a single cause of action by all Plaintiffs against Santarelli and Fossum. (*Id.* at ¶¶ 157-160).

Specific to those two causes of action, which establish the Court's jurisdiction, the First Cause of Action alleges securities fraud under Section 10(b) of the Federal Securities

Exchange Act of 1934 ("Exchange Act") and SEC Rule 10b-5 (*Id.* at ¶¶ 149-156) and the

Second Cause of Action with liability under § 20(a) of the Exchange Act (*Id.* at ¶¶ 157-

160).

> Rule 10b–5(b) makes it unlawful to:
>
> (a) To employ any device, scheme, or artifice to defraud,
> (b) To make any untrue statement of a material fact or to omit to state a
> material fact necessary in order to make the statements made, in the light of
> the circumstances under which they were made, not misleading, or
> (c) To engage in any act, practice, or course of business which operates or
> would operate as a fraud or deceit upon any person, in connection with the
> purchase or sale of any security.

17 C.F.R. § 240.10b-5. Each of these elements have different factors and law that relate to

asserting a claim for violation.

This is an example of the problems with Plaintiffs' Complaint. It appears Plaintiffs

are alleging that the Norada Defendants, Santarelli, and Fossum violated subsection (b)

related to material misstatements or omissions, but the allegations in the pleadings also

assert fraud and a fraudulent device by continually referring to these investments as "Ponzi

scheme." However, the nature of the pleading makes it impossible to know which Plaintiffs

are specifically alleging what cause of action against which specific Defendant. Rather,

Plaintiffs have broadly pointed to marking materials and presentations, without specifically

stating the materials that each Plaintiffs reviewed, or the conversations each Plaintiffs had

related to these investments. Plaintiffs claim that certain omissions were universal and

caused violations related to all Plaintiffs' investments, but the allegations are sometimes

confusing and contradictory related to what materials Plaintiffs reviewed and who they

interacted with related to their specific investment.

The Tenth Circuit has explained that to establish a violation of the prohibition against making or omission in connection with the purchase or sale of any security in violation of Rule 10(b)-5, a plaintiff must prove:

> (1) the defendant made an untrue or misleading statement of material fact, or failed to state a material fact necessary to make statements not misleading; (2) the statement complained of was made in connection with the purchase or sale of securities; (3) the defendant acted with scienter, that is, with intent to defraud or recklessness; (4) the plaintiff relied on the misleading statements; and (5) the plaintiff suffered damages as a result of his reliance.

*In re Zagg, Inc. Sec. Litig.*, 797 F.3d 1194, 1200 (10th Cir. 2015) (citation omitted).

Moreover, Section 10(b) claims are governed by heightened pleading standards of the Private Securities Litigation Reform Act ("PSLRA") that require Plaintiffs "to state with particularity both the facts constituting the alleged violation, and the facts evidencing scienter." *Id*. (citations omitted). The PSLRA requires that in any private action alleging defendants made an untrue statement of material fact or omitted a material fact, "the complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C.A. § 78u-4(b)(1). That law further requires that "the complaint shall, with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *Id*. at § 78u-4(b)(2)(A). Additionally, "plaintiff shall have the burden of proving that the act or omission of the defendant alleged to violate this chapter caused the loss for which the plaintiff seeks to recover damages." *Id*. at § 78u-4(b)(4).

14

Essentially each Plaintiff "must plead with particularity (1) the facts constituting the alleged violation and (2) the facts showing the defendant's intention to deceive, manipulate, or defraud." *In re Overstock Sec. Litig.*, 119 F.4th 787, 798 (10th Cir. 2024) (citations and internal quotation marks omitted).

In this case, rather than each Plaintiff stating what materials they relied on, including any statements they relied on, the amended complaint attempts to group all the Plaintiffs together and allege that they all relied on the same material misstatements or omissions. This cannot meet the specific pleading requirements. The Court will not sift through 147 paragraphs of general allegations to determine whether each Plaintiff has sufficiently stated a cause of action under Rule 10(b)-5. Rather, each Plaintiff must assert a cause of action and provide the relevant documents or other materials that they considered in making their investment, then assert how each specific Defendant's actions met the elements of a claim under Rule 10(b)-5. This same analysis applies to the Second Cause of Action under Section 20(a) of the Exchange Act and all the remaining twenty four causes of action.

The Court agrees that at a minimum Plaintiffs' Amended Complaint represents an impermissible "shotgun pleading." The Eleventh Circuit considered in depth the hallmarks of a "shotgun pleading" by examining more than sixty published decisions. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015). The *Weiland* Court identified roughly four types of categories of shotgun pleadings. *Id.*

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint

that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Id.* at 1321–23 (footnotes with case citations omitted). In this case, Plaintiffs have engaged in each of these types of shotgun pleading. As correctly noted by the Norada Defendants, each of Plaintiffs' 26 Causes of Action begin by incorporating all proceeding counts, then in many of the Causes of Action, Plaintiffs just list the elements of the Cause of Action and assert that Defendants violated those elements. See ECF No. 55 at ¶¶ 163, 165-166, 169, 173, 175, 179, 181-182, 185-186, 190, 192, 197, 201-204, 224-226, 238-240, 247-248, 250, 252, 257-259, 267-269, 279-284, 292, 297- 302, 305, 307-310, 316-323, 352-353, 355-356, 359-361. Plaintiffs also include multiple claims in the same Cause of Action, such as multiple violations of state law within one Cause of Action. Additionally, Plaintiffs have a single breach of contract and single breach of good faith and fair dealing cause of action for all Plaintiffs, despite the recognition that many of these documents have different terms. (*Id.* at ¶¶ 116-121). Plaintiffs also frequently allege wrongdoing by groups of Defendants, such as "the Norada Defendants," "Santarelli and Fossum," or "the Norada Defendants, Santarelli, and Fossum," without isolating each Defendant's alleged misconduct. (*Id.* at ¶¶ 67-68, 130, 140-142, 149-150, 152, 160, 224, 281, 299, 305-309, 313, 316-323). Also,

there appears to be contradictory allegations, such that the "investor deck" Plaintiffs relied on listed Fossum as the CFO (*Id.* at ¶ 53), but later in the Complaint Plaintiffs claim the "investor deck" "omits any reference to Defendant Fossum" (*Id.* at ¶ 73 (emphasis in original)).

However, one of the most concerning infractions is that Plaintiffs frequently make allegations collectively, as though Plaintiffs were an undivided entity rather than discrete individuals making distinct claims. (*See Id.* at ¶¶ 153, 305-306, 308, 312-313, 316, 321, 327, 331-332). The Court finds this significantly problematic in this case, where Plaintiffs not only invested with Notes with different terms and provisions, but where Plaintiffs are alleging a "Ponzi scheme", which by its very nature and set up means that some early investors receive gains through the losses of later investors. In this case, Plaintiffs represent several classes of investors, that each signed different loan agreements that have different provisions, including some with arbitration agreements (*Id.* at ¶¶ 344-349). Importantly, there were early investors in May of 2021 through 2022. (*Id.* at ¶¶ 75-82). These investors were presumably receiving their interest payments until June 20, 2024, when Santarelli emailed the investors to notify them that Norada Capital would be suspending distribution payments. (*Id.* at ¶ 129). If Plaintiffs' allegations are true and this was a Ponzi scheme that did not have any legitimate investments, but was using the profits from earlier investments to make payments on the existing Notes, then the Plaintiffs that invested in later Notes were likely funding the distributions to the Plaintiffs with earlier Notes, who were receiving 15-17% monthly interest.

17

Additionally, each Plaintiff presumably has some different factor they considered in the materials they received, or the conversations that they had related to these investments, and in the terms of the Notes they signed. However, Plaintiffs' method of pleading makes it impossible for the Defendants to raise defenses such as improper venue or other defenses that might be available for some Plaintiffs, but not other Plaintiffs. This is demonstrated by the fact that Defendants Aspire Events LLC ("Aspire"), Collective Equity Inc., Andrew Cordle, and Eddie Wilson (collectively, the "Aspire Defendants"), Defendant Fossum, and Defendant Micheal Johnson have all moved to dismiss for lack of personal jurisdiction. While the Court will not specifically consider those motions, Plaintiffs attempt to bring these Defendants into a Wyoming Federal District Court is troubling when they have almost no connection to Wyoming. Additionally, Plaintiffs have brought claims for violations of several different state securities laws. Each of those claims are potentially subject to a motion for change of venue or other action, but the nature of the pleading does not allow Defendants to assert those defenses.

Finally, while this issue was not raised by the Defendants, going forward with any amended complaint, the Court has significant concerns on whether all the Plaintiffs are properly joined in this matter. Specifically, Rule 20 provides:

(1) Plaintiffs. Persons may join in one action as plaintiffs if:

    (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

    (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1).

While the Court recognizes that joinder is liberally construed for purposes of judicial economy, the Court has struggled to find any cases that have been successfully plead in this form. In part, because as the Kansas District Court noted:

> It is not often that this Court sees a single complaint with 42 named plaintiffs. The reasons are obvious. Alleging that many claims with separate facts relating to each plaintiff would result in a monster-sized complaint, an organizational nightmare, or—if unartfully pled—an impermissible pleading. In the present case, Plaintiffs' Complaint results in all three.

*Cantley v. Jacobson Holdings, Inc.*, No. 2:24-CV-02071-EFM-BGS, 2024 WL 2321083, at *2 (D. Kan. May 22, 2024). This same statement is true in this case. Plaintiffs' amended complaint represents a shotgun pleading, as such the Court will grant the Norada Defendants' Motion to Dismiss the Complaint.

## CONCLUSION

For the above stated reasons, the Norada Defendants motion to dismiss (ECF No. 73) is GRANTED. The Court finds that Plaintiffs' Amended Complaint represent an impermissible shotgun pleading and the Amended Complaint is DISMISSED WITHOUT PREJUDICE. Having dismissed the Amended Complaint, the Court finds Defendants Aspire Events LLC, Collective Equity Inc., Andrew Cordle, and Eddie Wilson's Motion to Dismiss for Lack of Jurisdiction (ECF No. 69); Defendant Michael Johnson's Motion to Dismiss (ECF No. 75), and Defendant Ronald Fossum, Jr.'s Motion to Dismiss (ECF No. 70) are MOOT.

The Court will allow Plaintiffs an opportunity to amend their complaint, however, the Court will caution Plaintiffs that any such amended complaint must assert a cause of

action for EACH Plaintiff meeting the elements of the alleged offense. Additionally, while the Court did not consider the non-Norada Defendants' motion to dismiss based on personal jurisdiction, the Court has significant concerns about its jurisdiction over these Defendants based on the allegations in the current pleadings. Finally, the Court would advise Plaintiffs to consider whether they are all properly joined in a single action in this Court.

**IT IS ORDERED** that Defendants Norada Capital Crypto Fund I LLC, Norada Capital Ecommerce Fund I LLC, Norada Capital Management LLC, Norada Capital Real Estate Fund I LLC, Norada Equity Inc, Norada Fund Management LLC, Norada Real Estate Funding LLC, Norada Theatrical Productions LLC, and Marco Santarelli's (collectively "Norada Defendants") Motion to Dismiss (ECF No. 73) is GRANTED and Plaintiffs' Amended Complaint (ECF No. 55) is DISMISSED WITHOUT PREJUDICE.

**IT IS FURTHER OREDERED** that Defendants Aspire Events LLC, Collective Equity Inc., Andrew Cordle, and Eddie Wilson's Motion to Dismiss for Lack of Jurisdiction (ECF No. 690); Defendant Michael Johnson's Motion to Dismiss (ECF No. 75); and Defendant Ronald Fossum Jr.'s Motion to Dismiss for Lack of Jurisdiction. (ECF No. 77) are deemed MOOT.

**IT IS FINALLY ORDERED** that Plaintiffs may amend their complaint within 30 days from the date of this Order. However, if Plaintiffs choose to amend their complaint, the Court cautions Plaintiffs that each Plaintiff must assert its own claim against each Defendant with the legally required specificity for each of the claims they are asserting. These should be separate causes of action. Failure to provide the necessary specificity for

each Plaintiff's claim against each named Defendant will result in this Court dismissing this action.

Dated this ___8___ day of January, 2026.

Alan B. Johnson
United States District Judge