Robert V. Cornish, Jr. (Wyo. Bar. No. 6-3898)
LAW OFFICES OF ROBERT V. CORNISH, JR., PC
680 South Cache Street, Suite 100, P.O. Box 12200
Jackson, WY 83001
Office: (307) 264-0535
Email: rcornish@rcornishlaw.com

*Attorney for Plaintiffs Kathleen Grossart Taylor; Timothy F. Keeton; Arijit De; Jennifer Skeen; Brooke Ash Investments LLC; Mark Sanders; Karen Krywy-Sanders IRA and Karen Krywy-Sanders as its beneficiary; Douglas Omundson; Douglas Omundson IRA and Douglas Omundson as its beneficiary; Steven Rumstein IRA and Steven Rumstein as its beneficiary; Kari Teske as Trustee for REIO QRP, LLC; FCohen Roth RD, LLC with Fred Cohen as its beneficiary; FCohen RD, LLC with Fred Cohen as its beneficiary; Rockmill Capital, LLC; Rockmill Realty, LLC; Chad Beebe; Matthew Joseph Wilt & Melanie Ann Wilt, both individually and as beneficiaries of the Matthew Joseph Wilt & Melanie Ann Wilt Revocable Living Trust; Clifford Coglietti; Beata Zimon SD IRA and Beata Zimon as its beneficiary; OLV, LLC; Jeremy Fusselman; William Cukr Traditional IRA and William Cukr as its beneficiary; Sammy Rivera IRA and Sammy Rivera as its beneficiary; Nathan J. Deutscher both individually and as a beneficiary of the Nathan J. Deutscher and Kayla S. Deutscher Revocable Trust; Casitas Holdings, LLC; Zinfinity Capital Group LLC; and Harold Mayfield and Ann Mayfield, both individually and as beneficiaries of the Mayfield Revocable Trust*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| KATHLEEN GROSSART TAYLOR; *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>NORADA CAPITAL MANAGEMENT LLC; *et al.*,<br><br>Defendants. | Case No. 2:25-cv-00062-ABJ |

**PLAINTIFFS' REPLY IN SUPPORT OF**
**MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT**

Plaintiffs respectfully submit this reply in support of their Motion for Extension of Time to File Amended Complaint and request that the Court grant a brief, thirty-day enlargement of the amendment deadline. The case is unusually complex, involves numerous organizational and individual defendants and dozens of geographically dispersed plaintiffs, and requires individualized pleading and potential realignment as the Court has directed. Federal Rule of Civil Procedure 6(b) vests the Court with broad discretion to grant short extensions upon a reasonable showing, and neither the Rule nor governing precedent demands a full-blown factual narrative to justify modest, non-prejudicial relief. The motion should be granted.

I.      **Procedural Posture and Case Complexity**

This complex case presents an uncommon degree of complexity at the threshold pleading stage. The First Amended Complaint was dismissed with leave to amend and with specific instructions that any amendment must assert a cause of action for each individual plaintiff and that Plaintiffs should consider whether all parties are properly joined in a single action. Plaintiffs' motion explains that they intend to comply by asserting individualized claims and are evaluating whether grouping or severance would promote judicial efficiency. The motion further explains that Plaintiffs are numerous, reside in different states, and require additional time to align their claims with the Court's directives. These reasonsy go to the heart of what the Court has ordered, and they directly implicate judicial economy at the outset of the case.

The number of parties underscores why a measured extension is warranted. On the plaintiffs' side, the caption reflects several dozen individuals and entities. On the defense side, there are many organizational defendants across multiple Norada-related entities, and multiple individual defendants. The interplay of entity and individual liability theories, together with the

1

Court's directive for individualized pleading, materially increases the coordination burden that reasonably cannot be resolved with assembly-line drafting. A brief extension to ensure that the amended pleadings are grouped in a manner that streamlines the docket serves the Court's management of this litigation.

## II.     Governing Standard Under Rule 6(b) and Its Application

Rule 6(b)(1) authorizes the Court, for good cause, to extend a deadline. Good cause in this context turns on diligence and practical inability to meet the deadline given circumstances outside counsel's reasonable control. *Williams Field Servs. Co., LLC v. Lightning Constr. Co.*, No. 2:23-cv-00455-DAK-JCB, 2025 U.S. Dist. LEXIS 62051, at *7–8 (D. Utah Mar. 31, 2025) (holding that good cause requires a showing that the deadline could not be met despite diligent efforts). Nothing in Rule 6(b) or Tenth Circuit precedent insists on an exhaustive factual narrative for a short enlargement when the reasons are straightforward, the delay is minimal, and the record reflects diligence. *Rachel v. Troutt,* 820 F.3d 390, 397 (10th Cir. 2016) (reversing denial of a Rule 6(b) extension where the movant made a reasonable, good-faith showing for more time). Persuasive authority likewise emphasizes that Rule 6(b) should be applied liberally so that modest extensions can be ordinarily be granted absent bad faith or undue prejudice. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (explaining Rule 6(b)'s liberal standard for extensions in the absence of prejudice or bad faith).

Applied here, Plaintiffs have shown good cause. The Court's order required individualized pleading and invited consideration of misjoinder and grouping, which, given the number of plaintiffs and defendants, necessitates additional time to conform pleadings to the Court's directive. Plaintiffs' explanation reflects diligence directed at precisely what the Court asked them to do, and nothing in the oppositions identifies any lack of effort or strategic delay.

On this record, good cause is established. There is no cognizable prejudice from a short extension at the pleading stage; the delay was minimal; the reason for delay stems from the complexity of individualized pleading across numerous parties pursuant to the Court's directive. Plaintiffs acted in good faith, including by attempting to confer before filing.

### III. The Record Confirms Plaintiffs' Diligence and the Short, Non-Prejudicial Nature of the Request

The timing and content of the motion reflect diligence directed to the specific tasks the Court identified. Plaintiffs explained they are preparing to assert causes of action for each plaintiff and are considering grouping to improve efficiency. The motion sought a defined, thirty-day extension to complete that work. Defendants' oppositions do not identify any prejudice that would arise from this short enlargement, and none is apparent at this early stage where no responsive pleadings to an amended complaint have been required.

The length of delay was one day as to the filing of the extension motion and, if granted, a modest thirty days as to the amended pleading. The Tenth Circuit has recognized that short extensions should be granted where a party advances a reasonable, good-faith explanation, particularly when the opposing party cannot show prejudice. *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). The equities are even stronger here because the additional time is aimed at addressing the Court's concerns.

### IV. The Meet-and-Confer Effort Satisfied the Local Rule's Purpose and, in Any Event, Does Not Warrant Denial

The oppositions emphasize that Plaintiffs attempted to confer late on the night the deadline expired and that defense counsel did not respond before Plaintiffs filed their motion the following morning. The certificate of conferral states that Plaintiffs requested consent in the late evening and received no replies overnight, and one defendant acknowledged receipt of Plaintiffs'

request at 12:36 a.m. on February 10 with an intent to confer with co-counsel thereafter. That chronology confirms the core point: no defendant responded before Plaintiffs filed their motion the next morning, and thus the conferral process could not meaningfully proceed before filing.

To the extent one defendant asserts he was not included on the conferral email, that assertion only underscores the practical limits of completing a comprehensive conferral among many defense counsel in the brief window at issue. Any omission was harmless, as Defendants' Wyoming counsel were served with the motion. Denying a meritorious, modest extension on the basis of this conferral timing would elevate form over substance.

## V.     Defendants' Legal Objections Misapprehend Rule 6(b) and the Record

Defendants also contend Plaintiffs did not cite Rule 6(b) and did not submit a detailed factual showing. Neither point justifies denial. The Court's discretion under Rule 6(b) turns on good cause, and where, as here, the motion explains concrete, case-specific reasons grounded in the Court's directives, a short extension is appropriate without an exhaustive narrative. *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700–01 (10th Cir. 2017). Plaintiffs have now amplified the legal framework and record support, and the governing standard is met. The suggestion that the Court must infer speculative justifications impermissibly flips the burden.

Defendants also import Rule 16(b) "good cause" concepts in arguing for a stringent diligence showing that would effectively require finished work product before the deadline. Even under Rule 16(b), diligence is assessed practically, not rigidly, and focuses on whether the movant acted reasonably under the circumstances. *Williams Field Servs. Co., LLC v. Lightning Constr. Co.*, No. 2:23-cv-00455-DAK-JCB, 2025 U.S. Dist. LEXIS 62051, at *7–8 (D. Utah Mar. 31, 2025) (holding that good cause requires a showing that the deadline could not be met despite diligent efforts). Plaintiffs' showing clears that bar because the core task—individualized

4

pleading and possible regrouping among dozens of parties pursuant to the Court's order—could not reasonably be completed in the original thirty-day window. In all events, Rule 6(b), not Rule 16(b), controls a short enlargement of time to amend at the pleadings stage, and it does not require the granular factual exposition Defendants demand. *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016).

## CONCLUSION

The record demonstrates good cause and excusable neglect for a brief extension to file amended pleadings in this complex, multi-party action. Plaintiffs respectfully request that the Court grant their Motion.

Dated: February 17, 2026    **LAW OFFICES OF ROBERT V. CORNISH, JR., PC**

/s/ *Robert V. Cornish Jr.*
ROBERT V. CORNISH JR. (WSB# 6-3898)
680 South Cache Street, Suite 100, P.O. Box 12200
Jackson, WY 83001
Office: (307) 264-0535
rcornish@rcornishlaw.com

*Attorney for Plaintiffs*